BRETT L. TOLMAN, United States Attorney (#8821)
TRINA A. HIGGINS Assistant United States Attorney (#7349)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah  84111
Telephone:  (801) 524-5682

_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 2:07R00345DB |
| Plaintiff, | : | STATEMENT OF DISCOVERY POLICY |
| v. | : | |
| HARRISON BEGAYE, | : | |
| Defendant. | : | |

_____

The United States of America, by and through the undersigned
Assistant United States Attorney, hereby files its statement
defining the discovery policy that the United States intends to
employ in this case.

1.  The government shall make copies of, or will make
available for inspection, the following items all as defined in
Rule 16 of the Federal Rules of Criminal Procedure:

a.  Statements of the defendant;

b.  The prior record of the defendant;

c.  Documents and tangible objects which are intended
to be used as evidence in the government's case in
chief at the trial;

      d.    Reports of examinations and tests which the government intends to use as evidence in its case in chief at the trial; and

      e.    All tangible evidence, including documents, gathered by the investigating agencies, the United States Attorney's Office, or the grand jury from witnesses and potential witnesses during the investigation of this matter.  Such items, including the controlled substances, may be inspected by counsel after arrangements are made through this office with the investigative agency.

      f.    A written summary of the testimony of any experts the government intends to use a trial under Federal Rules of Evidence 702, 703 and 705.

      g.    All reports of witness interviews (e.g., FD-302, DEA-6 etc.) prepared by investigative agencies during the investigation of this case.

The above-described items will be made available to counsel as soon as practical after counsel has entered an appearance.

2.    Any document, tangible object, and report of examination and test which is material to the defense which are not made available for inspection pursuant to paragraph 1 will be made available, if in existence and in possession of the United States, upon  specific request by the defendant and upon a showing of materiality by the defendant. If the parties are unable to agree on whether any item is material, the issue will be presented to the Court.

3.    This statement of policy eliminates the need for the defendant to make a written request for material discoverable

pursuant to Rule 16 of the Federal Rules of Criminal Procedure, subject to the limitations listed above.  This statement also eliminates the need for the defendant to make a written request for all Jencks Act material.  This provision specifically excludes notes taken at pre-trial interviews of witnesses at which a prosecutor is present.

4.  This statement constitutes a request by the government for disclosure of evidence by the defendant (also known as reciprocal discovery) pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and DUCrimR 16-1(c).  It is the position of the United States that this statement of discovery policy constitutes "open-file" discovery within the meaning of the local rule which states that the defendant must allow the government to inspect and to copy the following as defined in Rule 16 of the Federal Rules of Criminal Procedure:

      a.  Documents and tangible objects which the defendant intends to introduce as evidence at trial;

      b.  Reports of examinations and tests which the defendant intends to introduce at trial or which were prepared by a witness whom the defendant intends to call at trial; and

      c.  A written summary of the testimony of any expert the defendant intends to use a trial under Federal Rules of Evidence 702, 703 and 705.

The statement constitutes a request by the United States that the defendant provide to the government, a reasonable time before trial, but at least five working days before trial, copies of the material listed in this paragraph and of all written and recorded statements by any witness other than the defendant whom the defendant intends to call at trial.

5.   The United States will not provide discovery of summaries of the case by investigating agents or attorney work product, nor the grand jury testimony of law enforcement agents unless required by the Jencks Act, or by Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and their progeny.

6.   The United States will furnish all exculpatory and impeaching material pursuant to Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972) and their progeny.

7.   The United States acknowledges its continuing obligation to provide discovery of newly obtained material under the terms of this Statement.  The United States expects the defendant to assume the same obligation.

Pursuant to Criminal Rule 16-1(h) of the Federal Rules of Practice of the United States District Court for the District of

Utah, the United States hereby files this Notification of

Compliance indicating the disclosures made under Rule 16 of the

Federal Rules of Criminal Procedure.

The United States will continue to provide defendant with

discoverable material as it comes into the possession of the

United States.

DATED this 7th day of June, 2007.

BRETT L. TOLMAN
United States Attorney

/s/ Trina A. Higgins

_____
TRINA A. HIGGINS
Assistant United States Attorney