# DEFENDANT EXHIBIT #2

## WRITTEN PROFFER OF THE TESTIMONY OF RICK MACDOUGALL

The parties stipulate that this proffer be admitted in lieu of the live testimony of Rick MacDougall for purposes of the motion to suppress in this case. The parties further stipulate that if called as a witness in this case, Rick MacDougall, would have testified to the following:

1. I am the First Assistant Federal Defender employed by the Utah Federal Defender Office (Defender Office).

2. One of his primary responsibilities as First Assistant is to assign cases to the attorneys employed by the Defender Office.

3. As a rule, new felony cases in the office are generated by a telephone call from the courtroom deputy clerk employed by the magistrate judge who conducts the initial appearance/arraignment. The telephone call is usually placed the afternoon before the initial appearance. The telephone call is usually received by me or my legal assistant, Allyson Ashment. Once the case has been referred, either Ms. Ashment or I print a copy of the indictment, information or complaint from the PACER website and place it in a new case file. I then chose an assistant federal defender (AFD) to be assigned to the case and confer with the AFD to ascertain if he/she is able to take the case and is available to cover the initial appearance/arraignment. If the assigned AFD is unavailable to cover the initial appearance, a duty attorney will be asked to handle that hearing.

4. In this case, the call requesting our office to take Mr. Begaye's case likely was received during the afternoon of May 29, 2007. At that time, a file would have been prepared and I would have reviewed the indictment and attorney caseloads to ascertain to whom the case should be assigned. In Mr. Begaye's case, I chose Chelsea Koch as the assigned attorney. Ms.

Koch was one of the AFD's who regularly handled cases similar to Mr. Begaye's. I spoke with Ms. Koch about taking the case either on the afternoon of May 29 or the morning of May 30.

5. In preparing this proffer, I reviewed the court docket in Mr. Begaye's case, the master calendar maintained by the Defender Office and the file jacket in Mr. Begaye's case which bears handwritten notes prepared by the AFD covering hearings in the case. Based on that review, I have a personal recollection of the events surrounding the initial appearance. Ms. Koch had a schedule conflict at 3:00 p.m. on May 30, 2007, the date and time set for the initial appearance/arraignment before Magistrate Judge Paul Warner. According to the Defender Office master calendar (verified against the PACER docket) the conflict was a change of plea set for May 30, 2007, at 3:00 p.m. in the case of *USA v. Sengthongkham*, case number 2:06-CR-819DB.

6. As a result of the schedule conflict, I appeared at the initial appearance/arraignment in the Begaye case for Ms. Koch. The initial appearance commenced on May 30, 2007, shortly after 3:00 p.m., although the PACER docket incorrectly reflects May 31, 2007, as the initial appearance date. The file jacket handwritten entry on Mr. Begaye's Defender Office file indicates that the initial appearance occurred on May 30, 2007. In addition, the detention hearing in Mr. Begaye's case was set for May 31, 2007, at 4:00 p.m. It would not have been possible for the initial appearance to have taken place (concluding at approximately 3:30 p.m. according to the PACER entry) on the afternoon of May 31 and for the detention hearing to take place the same afternoon 30 minutes after the initial appearance. In addition, the PACER docket reflects that Ms. Koch's written appearance of counsel was filed on May 30, 2007, after the initial appearance/arraignment.

7. I recall that during the initial appearance in Mr. Begaye's case, Ms. Koch finished her hearing before Judge Benson and appeared in Judge Warner's court prior to the completion of the

Begaye hearing. I then stepped aside and Ms. Koch completed the hearing. That sequence of events is verified by the handwritten notes on Mr. Begaye's file jacket. The date and term IA (for initial appearance) were printed by myself and the balance of the notes for the initial appearance are in Ms. Koch's handwriting.

8. My memory of the events in this case is enhanced by my recollection that, immediately prior to the commencement of the initial appearance, Trina Higgins, the AUSA assigned to the Begaye case, asked me to step into the hall outside the courtroom and informed me that the penalty in Mr. Begaye's case was a 30-year mandatory minimum. Ms. Higgins asked that I inform the assigned AFD of the severity of the potential penalty and the likelihood of it going to trial, which I did after Ms. Koch arrived to take over the initial appearance.

DATED this 9th day of June 2008.

L. Clark Donaldson
Assistant Federal Defender

Robert L. Steele
Assistant Federal Defender

DATED this 9th day of June 2008.

Trina A. Higgins
Assistant United States Attorney