STEVEN B. KILLPACK, Federal Defender (#1808)
L. CLARK DONALDSON, Assistant Federal Defender (#4822)
ROBERT L. STEELE, Assistant Federal Defender (#5546)
**UTAH FEDERAL DEFENDER OFFICE**
Attorney for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah   84101
Telephone: (801) 524-4010
Facsimile: (801) 524-4060

___

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, Plaintiff, v. HARRISON BEGAYE, Defendants. | DEFENDANT'S MOTION *IN LIMINE* CONCERNING THE GOVERNMENT'S USE OF 404(b) EVIDENCE IN REBUTTAL AT TRIAL<br><br>Case No. 2:07 CR 345 DB |
|---|---|

Defendant, Harrison Begaye, by and through his counsel of record, L. Clark Donaldson and Robert L. Steele, moves this Court to prohibit the government from using in rebuttal any evidence of alleged prior bad acts of the defendant, particularly other evidence of abuse.

On February 25, 2008, defendant filed his Request for Notice of 404(b) Evidence.  In response the government supplied to counsel reports concerning allegations that the defendant had physically abused his first wife and their children.  Government's counsel indicated that she would not seek to admit any of this or any other prior bad act evidence in their case in chief.  Counsel for the government did indicate that such information might be used in rebuttal.  This

has never been put in a written response to defendant's request.  Should such evidence be admitted at trial, even in rebuttal, counsel for the defendant would need significant preparation to defend against such testimony.  It is not in any way connected to the matters indicted here and involved a whole new set of witnesses.  Counsel asks that this motion be considered by the Court prior to the start of trial.

Therefore, defendant objects to evidence concerning allegations that he abused his first wife and family being used in the government's case in chief or in rebuttal.  The admission of such evidence would violate Federal Rules of Evidence 401, 402, and 404 in that it is not relevant, it would create a trial within a trial overwhelming all other evidence, and it would be used by the jury as mere propensity evidence.  The admission of such evidence, even if marginally relevant, would also violate Federal Rule of Evidence 403 in that its probative value is substantially outweighed by the danger of unfair prejudice.  Its admission would confuse the issues to be tried, mislead the jury, and be wasteful of the Court's time.  Finally, the admission of such evidence would violate principles of fundamental fairness and due process.

DATED this 14th day of October, 2008.


/ s / L. Clark Donaldson
L. CLARK DONALDSON
Assistant Federal Defender


/ s / Robert L. Steele
ROBERT L. STEELE
Assistant Utah Federal Defender

**CERTIFICATE OF DELIVERY**

      I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S MOTION IN LIMINE CONCERNING THE GOVERNMENT'S USE OF 404(b) EVIDENCE IN REBUTTAL AT TRIAL** was electronically filed and caused to be served by electronic notice to all parties named below on this 14th day of October, 2008.

Trina Higgins
Assistant United States Attorney
185 South State Street, Suite 400
Salt Lake City, Utah 84111-1506

                                                    /s/ *G. Wynhof*
                                                 Utah Federal Defender Office