STEVEN B. KILLPACK, Federal Defender (#1808)
L. CLARK DONALDSON, Assistant Federal Defender (#4822)
ROBERT L. STEELE, Assistant Federal Defender (#5546)
**UTAH FEDERAL DEFENDER OFFICE**
Attorneys for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Telefax: (801) 524-4060

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HARRISON BEGAYE,<br><br>Defendant. | POSITION OF DEFENDANT WITH RESPECT TO SENTENCING FACTORS<br><br><br>Case No. 2:07-CR-345 DB |

The Defendant, Harrison Begaye, by and through counsel of record, L. Clark Donaldson, pursuant to Rule 32.1 of the Criminal Rules of Practice of the United States District Court for the District of Utah, states that, after reviewing the Presentence Report (PSR) prepared by the United States Probation Office, no sentencing factors as described in this report are disputed by the Defendant with the following exceptions:

1. Mr. Begaye objects to paragraph twenty five of the PSR which attributes to him a two level increase of his offense levels under USSG § 2A3.1(b)(3)(A) for having Ja. B. in his care, custody and supervisory control.

Mr. Begaye proffers that his eldest brother, Gene Begaye, was interviewed by defense investigator Robin Howell on August 1, 2008 at the home of Harrison and Gene's mother. Gene Begaye recollected the work schedule of his brother spanning back to the beginning of 2003. He indicated that he and Harrison worked for Neil Construction in Durango, Colorado in 2003. Gene said he and his brother would often ride to Durango together. Once they were on the job site, they would live nearby in an inexpensive motel and come home on some of the weekends when they could afford it. He also confirmed that he and Harrison did carpentry for Slatten Construction in Las Vegas, Nevada from 2004 through early 2006. As before, the brothers would obtain cheap housing and sometimes return to their home on the reservation on weekends. However, Gene also noted that Harrison broke his leg in 2005 and had to take some time off work to recover. When work ended with Slatten Construction in 2006, the two brothers worked for TriHurst Construction in Blanding, Utah. Though they were able to commute to the job in Monument Valley, Utah, Gene and Harrison would leave for work by 6:00 a.m. and return home after 6:00 p.m.[1] Harrison then went to work for Timberline Construction in Durango, Colorado in 2007 and was employed there shortly before his arrest.

Application Note 1 of USSG § 2A3.1 notes that the terms "[c]ustody or control"... have the meaning given those terms in Application Note 4 of the Commentary to § 3A1.2 (Official Victim)." Application Note 4 of USSG § 3A1.2 defines "custody or control" in terms of correctional inmates outside the physical confines of prison walls, on a work detail, in a halfway house, in a community treatment center or a similar living situation. These terms are inapplicable to Begaye's situation.

---

[1] Gene Begaye indicated he left TriHurst Construction around April of 2006 while Harrison stayed on with the company. Gene Begaye's telephone number is (435) 727-3292.

However, application note 3 of USSG § 2A3.1 lends further guidance as to the meaning of subsection (b)(3) when a minor is the victim. It clarifies that the enhancement applies when a person was entrusted with the permanent or temporary care of the minor and provides an exemplary list including "teachers, day care providers, baby-sitters, or other temporary caretakers...." *Id.* It also instructs the district court to look to the actual relationship between the defendant and the minor, not merely their legal status, to determine whether to apply the increase. In *United States v. Blue,* 255 F.3d 609, 614-615 (8th Cir. 2001), the circuit court set aside this enhancement because the twenty one month child was not entrusted to the care of the defendant despite having lived with the victim's mother previously for a six-month period and child may have viewed the defendant as a grandfather. The court also reasoned that physical proximity is not tantamount to custody. *Id.* at 614.

Here, Mr. Begaye lived in a small home on the Navajo reservation with his wife and six children from Rena Begaye. PSR at paragraph 45. His wife did not work outside the home. He traveled out of town frequently for construction work and was away from the home for extended periods of time. The incidents in which Ja.B. describes being sexually assaulted are not grounded in any time period. Therefore, it is difficult to determine whether they occurred when she was entrusted to the defendant or not. Mr. Begaye requests that this two level increase be removed from his total guideline calculation.

DATED this 3rd day of April, 2009.

                                               */s/ L. Clark Donaldson*
                                               L. CLARK DONALDSON
                                               Assistant Utah Federal Defender

**CERTIFICATE OF DELIVERY**

      I hereby certify that a true and correct copy of the foregoing **POSITION OF DEFENDANT WITH RESPECT TO SENTENCING FACTORS** was sent via electronic filing to all parties named below on this 3rd day of April, 2009, to:

Trina Higgins
Assistant United States Attorney
185 South State Street, Suite 400
Salt Lake City, UT 84101


Mary Schuman
U.S. Probation Officer
160 U.S. Courthouse
350 South Main Street
Salt Lake City, UT 84101


                                              */s/  G. Wynhof*
                                              Utah Federal Defender Office